## GAY SURVIVAL FUND OF TARGET CITY, Plaintiff-Appellant,

v.

Joan Anderson GROWE, Secretary of State, and Arthur Roemer, Commissioner of Revenue, Defendants-Respondents.

No. 49626.

Supreme Court of Minnesota.

Jan. 4, 1979.

Jack Baker, Minneapolis, for plaintiff-appellant.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., LeRoy C. Paddock, Sp. Asst. Atty. Gen., St. Paul, for defendants-respondents.

SHERAN, Chief Justice.

Appellant Gay Survival Fund of Target City (hereafter "GSF") seeks review of an order of the Ramsey County District Court denying its petition for a writ of mandamus to compel the Secretary of State, Joan Anderson Growe, to certify it as a major political party and to direct the Commissioner, Department of Revenue, Arthur Roemer to place the name of that party along with other major parties on the state income tax forms. We affirm.

The record indicates that GSF was accorded minority party status upon its presentation of a petition to the Secretary of State on May 31, 1978, in compliance with Minn.St. 10A.01, subd. 13(b). Jack Baker, a person affiliated with the GSF filed for the office of Associate Justice of the Minnesota Supreme Court and was endorsed and supported by the GSF. It is uncontested that Baker received 282,079 votes, or approximately 22 percent of the total votes cast in the general election on November 7, 1978. GSF then sought major party designation based upon the results of this election and relying upon § 200.02, subd. 7, as incorporated into § 10A.01, subd. 12.

These two statutes, read in conjunction with one another, define a major political party as

"* * * an organization which shall have maintained in the state, governmental subdivision thereof or precinct therein in question, a party organization and *presented candidates for election* at the last preceding general election one or more of which candidates shall have been voted for in each county within the state at such election and shall have received in the state not less than five percent of the total vote cast for all candidates at such election or whose members to a number equal to at least five percent of the total number of votes cast at the preceding general election in the county where the application is made shall present to the county auditor a petition for a place on the primary election ballot." (Italics supplied.)

The sole issue raised by the examination of this statutory authority is whether the GSF "presented" a candidate for election so as to satisfy that statutory requirement to entitle that party to major party designation upon fulfillment of the remaining criteria. It is our view that the district court was correct in concluding that it did not.

While the GSF did endorse and support the candidate for election to the nonpartisan judicial office, such endorsement is not the statutory equivalent of presentment. Rather, a candidate cannot be "presented" by a political party for election unless, as found by the district court, that candidate is designated on the ballot as that party's candidate. Inasmuch as no party designation is permitted in nonpartisan judicial elections, such candidacy cannot serve as a basis for establishing major party designation pursuant to § 10A.01, subd. 12 and 200.02, subd. 7. This view is consistent with this state's traditional separation of judicial offices from partisan politics.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.